UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC BROWN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>W.L. MUNIZ, Warden,<br><br>　　　　　Respondent. | No. 1:15-cv-00386-SKO HC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　Petitioner Isaac Brown is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner alleges that the trial court's enhancement of his sentence on counts one and six for his use of a firearm violated his due process and equal protection rights since there was only one use of a firearm in Petitioner's commission of those two crimes. Respondent counters that, although Petitioner challenged his sentence on state law grounds in the state courts, he did not exhaust his federal constitutional claim. Petitioner did not reply to Respondent's answer. The Court finds that Petitioner did not raise his federal constitutional claims in state court proceedings and denies the petition.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

## I. Procedural and Factual Background [2]

On July 4, 2011, Ventura returned home to find a man, later identified as Petitioner, kicking the door of her apartment. When Ventura confronted Petitioner and asked why he was kicking the door, Petitioner pointed a gun at Ventura's head and ordered her to stop dialing 911 or he would kill her. When she did not comply, Petitioner grabbed the phone and disconnected the call. He then demanded the apartment keys. Ventura claimed not to have the keys.

Co-defendant Amber Anderson then got out of a nearby Jeep and demanded Ventura's lunch bag while snatching it from Ventura's shoulder. Anderson told Ventura that they would shoot her if she screamed. Petitioner and Anderson then left in the Jeep, taking Ventura's lunch bag with them. They threatened to return and kill Ventura if she screamed or reported the crime to the police. Nonetheless, Ventura reported the crime to police and identified Petitioner and Anderson in photo line-ups.

Following a jury trial in Fresno County Superior Court, Petitioner and co-defendant Amber Anderson were convicted of multiple offenses committed in a crime spree in the summer of 2011. Counts (4) second degree robbery (Cal. Penal Code § 211) and (6) dissuading a witness from reporting a crime (Cal. Penal Code § 136.1(b)(1)) relate to their robbing and threatening Valencia. The jury found true sentencing enhancements (§ 12022.5(a)(1)) arising from Petitioner's personal use of a firearm in committing counts four and six. On April 13, 2012, the state court sentenced Petitioner to an aggregate prison term of 29 years.

Petitioner filed a direct appeal to the California Court of Appeal contending that the sentencing court violated California Penal Code § 654 by imposing prison terms on the two firearms enhancements associated with counts four and six. He did not allege that the prison terms associated with the firearms enhancements violated any federal constitutional right. On

---
[2] Background information is drawn from the California Court of Appeal's opinion on direct appeal. *See State v. Anderson*, 2014 WL 31693 (Cal. App. Jan. 6, 2014) (Nos. F064733 and F064786).

2

January 6, 2014, the appellate court affirmed Petitioner's convictions but ordered amendment of the form of the abstract of judgment to list separately the base term, enhancements, and enhancement terms on counts 4, 8, and 11.

On February 13, 2014, Petitioner filed a petition for review in the California Supreme Court, alleging a single issue: "Whether the provisions of Penal Code Section 654 prohibit imposition of two firearm use enhancements where there is a single act that amounts to the use of a firearm during the commission of two offenses during a single incident?" *See* Lodged Doc. 5. Again, petitioner did not raise any federal constitutional claim. On March 26, 2014, the California Supreme Court summarily denied review.

## II.     Petitioner Did Not Exhaust State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365. The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir.

3

2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

In the direct appeals to the state courts in this case, Petitioner never raised the federal constitutional claim now alleged in his federal petition. Instead, he only sought relief under state law, contending that his sentence was improper under California Penal Code § 654. As a result, the claim alleged in the above-captioned petition is not exhausted and must be dismissed.

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the issue alleged in the federal petition is unexhausted to be debatable or wrong, or conclude that the issue presented requires further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

## IV. Conclusion and Order

The Court hereby DENIES with prejudice the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and declines to issue a certificate of appealability. The Clerk of Court is directed to enter judgment for the Respondent.

IT IS SO ORDERED.

Dated: **July 7, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE